**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DRESSMAKERS JOINT COUNCIL, INTERNATIONAL LADIES' GARMENT WORKERS UNION, AFL-CIO, Respondent.**

**No. 224, Docket 29095.**

United States Court of Appeals Second Circuit.

Argued March 1, 1965.

Decided March 30, 1965.

Vivian Asplund, Atty., National Labor Relations Board (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, Atty., National Labor Relations Board), for petitioner.

Emil Schlesinger, New York City (Schlesinger, Schlesinger & Schlesinger, Peter J. Schlesinger, New York City of counsel), for respondent.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

The National Labor Relations Board (the Board) petitions for the enforcement of its order that the Dressmakers Joint Council (the union) cease its violations of section 8(b) (1) (A) of the National Labor Relations Act (the Act). The petition for enforcement is granted.

In April, 1962, Susan Evans Inc. (the company), a nonunion establishment engaged in the manufacture of ladies' garments, filed unfair labor practice charges against the union alleging that in January, 1962, the union forced and coerced the company's employees to join or cooperate with the union in a campaign to organize the company. On May 31st a complaint was issued by the Board's Regional Director but the parties in October concluded a settlement agreement approved by the Regional Director, wherein the union agreed to refrain from undue pressure against company employees.

In April, 1963, the company filed new charges against the union based on alleged assaults by union agents on March 25th and April 2nd, on a company employee. The Regional Director unilaterally revoked the settlement agreement on the ground that it had been breached by the union and issued a consolidated complaint based on the allegations in the company's pre- and post-settlement charges. A hearing was held on the consolidated complaint before a Trial Examiner who found the facts as alleged by the company and held that the union had breached the settlement agreement and that its pre- and post-settlement conduct had violated section 8(b) (1) (A).

The union urges that the Regional Director had no power *ex parte* to revoke the settlement agreement and that his action without the benefit of a hearing deprived the union of due process under the Fifth Amendment to the United States Constitution. However, the revocation was only tentative since under the Board's own procedures the finality of this action depended on the result of a subsequent hearing on the legality of the union's post-settlement conduct. W. Ralston & Co., 131 NLRB 912, 917 (1961), aff'd per curiam, 298 F.2d 927 (2d Cir. 1962). Thus, at most the union objects to the *timing* of the hearing. In this context, due process is not violated by the exercise of a necessary grant of administrative discretion to the Regional Director to revoke a settlement agreement concluded as a result of charges filed with the Board but openly violated by one of the parties.

The union also contends that the Trial Examiner violated established Board procedure by the admission of evidence of the union's pre-settlement conduct *before* the illegality of its post-settlement conduct was sufficiently established. In the present case, Board procedure was followed in its essentials although some aspects of pre-settlement conduct were admitted as background for the introduction and evaluation of post-settlement evidence. However, the Board found, on an apparently independent review of the evidence before the Trial Examiner, that the General Counsel had shown a violation of section 8(b) (1) (A) by a "preponderance of the evidence" without resort to proof of pre-settlement conduct. Thus, any departure from established procedure by the Trial Examiner constitutes mere harmless error.

Finally, the union objects to the accuracy of the various findings of fact made by the Trial Examiner and upheld by the Board. These findings, on which the violations of section 8(b) (1) (A) were founded were supported by substantial evidence.

Enforcement granted.